IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY          **PLAINTIFF**

VS.                    **CASE NO. 3:09 CV00102-BSM**

GREENE COUNTY ABSTRACT & TITLE COMPANY, LLC, and
MARY WILLIAMS                              **DEFENDANTS**

### PRELIMINARY INJUNCTION

Plaintiff Old Republic National Title Insurance Company ("National Title") having

filed its Verified Complaint and having moved this Court to enter a Preliminary Injunction

pursuant to Rule 65 of the Federal Rules of Civil Procedure, the parties came before the

Court, Plaintiff appearing through its attorneys Dover Dixon Horne PLLC and Defendants

appearing through their attorney Don A. Eilbott. Appearing from the specific facts set forth

in the Verified Complaint, the agreement of the parties to this action, as well as the

agreement of the following entities which are not presently parties to this action: Blake

Williams individually ("Blake Williams"), Williams Irrigation Services, LLC, ("Irrigation")

and Blamar Investments, LLC ("Blamar"), all as evidenced by the signatures affixed

hereto,

IT IS HEREBY ORDERED that Defendants, Blake Williams, Irrigation, Blamar, their

agents and other persons acting in active concert or participation with them who receive

actual notice of this Preliminary Injunction, are hereby enjoined as follows:

A.      Defendants, Irrigation, and Blamar are immediately restrained from
removing, destroying or concealing any and all assets, fixtures, furnishings,
books, records, files, computers, computer records, forms, title plants
(originals or copies), title policies, escrow files, closing files, title files and
similar or related documents, including without limitation, all documents

relating to records, documents, and files pertaining to real estate transactions and pertaining to title transactions involving the issuance of commitments, policies or guarantees by National Title, along with any and all financial records, statements, accounts, checks, check registers, correspondence, and all other similar or related documents pending further order of this Court.

B.      Defendants, Blake Williams, Irrigation, and Blamar are immediately restrained from making further disbursements, of any kind or nature, from any and all financial accounts, including escrow accounts, in their control, or from opening new accounts.

C.      Defendants, Blake Williams, Irrigation, and Blamar are immediately restrained from disposing of, mortgaging, pledging, transferring, selling, assigning, or hypothecating any real and personal property held or owned by them until further Order of this Court.

D.      Defendants, Blake Williams, Irrigation, and Blamar are to immediately submit to an accounting, to be conducted by National Title, of the above-referenced financial accounts and the general books of accounts and of all accounts, checks, records or files of Landmark pertaining to eachand every transaction in which a National Title Commitment for Title Insurance, National Title Lenders Policy of Title Insurance, a National Title Owner's Policy of Title Insurance or a National Title Closing Protection Letter was issued.

F.      In furtherance of the accounting ordered above, Defendants, Blake Williams, Irrigation, and Blamar are to immediately provide National Title unfettered access to all of their financial accounts and the general books of accounts and of all accounts, checks, records or files of Landmark pertaining to each and every transaction in which a National Title Commitment for Title Insurance, National Title Lenders Policy of Title Insurance, a National Title Owner's Policy of Title Insurance, or a National Title Closing Protection Letter was issued.

G.      Defendants, Blake Williams, Irrigation, and Blamar will execute to National Title an authorization granting to National Title access to all bank records accounts or other documents, of any type concerning the Defendants, Blake Williams, Irrigation, and Blamar.

This Preliminary Injunction is supported by the following Findings of Fact and

Conclusions of Law:

1.      National Title is a title insurance company authorized to conduct business in

Arkansas.

    2.    Greene County Abstract was a policy issuing agent of National Title pursuant to a written Agreement for Appointment of Policy Issuing Agent (herein, the "Agency Agreement), a copy of which is attached to National Title's Verified Complaint as Exhibit 1.

    3.    Williams is managing member and sole owner of Greene County Abstract, and runs the Paragould, Arkansas office.

    4.    As an agent of National Title for the limited purpose of issuing title insurance commitments, binders, title reports, certificates, guarantees, title insurance policies, endorsements, and other agreements regarding the condition of title, Greene County Abstract was required, among other things, to:

    A.    Receive and process applications for title insurance and issue policies in a timely, prudent and ethical manner with due regard to recognized title insurance underwriting practices and in accordance with the rules and instructions of Insurer, as well as in conformity with state and local laws and practice;

    E.    Keep safely in an account separate from Agent's operating accounts all funds received by Agent in connection with transactions which the Insurer's policy is involved, disburse said funds only for the purposes for which the same where entrusted, and reconcile all such accounts not less frequently than monthly.

    F.    Comply with all statutes and governmental rules and regulations relating to the licensing and operation of Agent's business.

    5.    Greene County Abstract was also required, among other things, to:

On a monthly basis, Agent agrees to report to Insurer, using a policy register in a form approved by Insurer, all title insurance policies, endorsements and any other title insurance forms that Insurer may require to be reported, which have been issued since the previous report, and attach to the report a copy of each title insurance form covered by the report. Agent further agrees to

remit to Insurer, by attaching to the above report, all amounts due Insurer under this agreement. The report and remittance will be due the Insurer on or before the 10th day of the second month following the closing date wherein the title insurance liability was created. All title insurance forms submitted to Insurer as required herein shall become the property of Insurer.

All amounts due Insurer pursuant to this agreement shall, upon receipt by Agent, be considered the property of Insurer and shall be held in trust by Agent for the benefit of Insurer in a bank account separate and apart from Agent's personal and operating accounts until such time said amounts are paid over to Insurer.

6.     In furtherance of its obligations and duties as an agent of National Title for the limited purpose of issuing title insurance commitments, binders, title reports, certificates, guarantees, title insurance policies, endorsements, and other agreements regarding the condition of title, Greene County Abstract established and maintained financial accounts, including escrow and trust accounts, in the name of and/or belonging to and/or under the control of Greene County Abstract at various banks in the Paragould and Jonesboro, Arkansas area, and perhaps elsewhere.

7.     In her capacity as managing member, sole owner, and/or manager of the day-to-day operations and employee(s) of Greene County Abstract, Williams has or had access to and control of the above-described financial accounts and other assets, including, but not limited to, closing files, National Title title commitments and National Title title policies for individual real estate transactions, in the name of, belonging to, or under the control of Greene County Abstract.

8.     The funds in the financial accounts were to be deposited and disbursed in accordance with written escrow instructions and/or closing instructions provided to Defendants by the buyer, seller and/or lender at the closing of a particular real estate transaction.

9.     During a recent audit of Greene County Abstract pursuant to Section XI. of the Agency Agreement, National Title discovered information that led it to reasonably believe that Greene County Abstract was misusing the funds in its financial accounts by making improper and unauthorized disbursements therefrom.

10.     Greene County Abstract maintains the above-referenced financial accounts at various banks in Paragould and Jonesboro, Arkansas.

11.     The funds held in the above-referenced financial accounts are not the property of Greene County Abstract.

12.     The funds held in the above-referenced financial accounts are the property of the person(s) entitled thereto based upon closing instructions provided at the closing of the real estate transactions.

13.     Greene County Abstract and/or Williams currently have access to the escrow funds and, unless restrained from doing so, can continue to remove and/or commingle the funds, all at the expense of National Title and the public.

14.     Pursuant to the Agency Agreement, National Title has notified Greene County Abstract in writing that the Agency Agreement is terminated effective July 8, 2009.

15.     Pursuant to Section XII.D. of the Agency Agreement, Greene County Abstract has agreed that upon termination of the Agency Agreement, it would deliver to National Title all forms and files required to be kept under the Agency Agreement.

16.     Defendants currently have access to the escrow funds and, unless restrained from doing so, can continue to remove and/or commingle the funds, all at the expense of National Title and the public.

17.     National Title and the public will suffer irreparable harm to its business and

reputation unless the remaining escrow funds and all of Greene County Abstract's corporate accounts are protected until such time as National Title's audit/accounting is complete.

18.     National Title and the public will suffer irreparable harm if Greene County Abstract and Williams is permitted to sell the assets of Greene County Abstract, which include one or more copies of a title plant. Such a sale would be injurious to National Title and the public inasmuch as it would dissipate assets the source of which may be traceable to improperly used funds.

19.     National Title has no adequate remedy at law, and injunctive relief is necessary to maintain the status quo and preserve the rights of all interested parties, including National Title and the public, pending further orders of this Court.

IT IS HEREBY FURTHER ORDERED that the injunction bond previously filed by National Title in this matter shall remain in effect as to this Preliminary Injunction.

IT IS SO ORDERED this 17 day of July, 2009.

BRIAN S. MILLER
UNITED STATES DISTRICT JUDGE

**AGREED AS TO FORM AND CONTENT:**

DOVER DIXON HORNE PLLC
425 W. Capitol, Suite 3700
Little Rock, AR 72201
(501) 375-9151
By: _____
        Monte D. Estes
        Wm. Dean Overstreet

ATTORNEYS FOR PLAINTIFF
OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY


JACK NELSON JONES FINK GILES & GREGORY, P.A.
425 W. Capitol Ave, Suite 3400
Little Rock, AR 72201
(501) 375-1122                    74042      7/16/09
By: _____
     Don A. Eilbott

ATTORNEYS FOR DEFENDANTS
MARY E. WILLIAMS and GREENE COUNTY
ABSTRACT & TITLE COMPANY, LLC


**BLAKE WILLIAMS, INDIVIDUALLY, WILLIAMS IRRIGATION SERVICES, LLC., AND BLAMAR INVESTMENTS, LLC., HEREBY JOIN IN THE INTRODUCTORY PARAGRAPH OF THIS ORDER AND PARAGRAPHS A-F (P 1-2) FOR THE PURPOSE OF EVIDENCING THEIR INTENT AND AGREEMENT TO BE BOUND BY THE TERMS OF SUCH PARAGRAPHS AND RESTRICTIONS, BUT NONE OTHER.**


_____
Blake Williams,  Individually

Williams Irrigation Services, LLC

By:_____
Title:_____

Blamar Investments, LLC

By:_____
Title:_____

ATTORNEYS FOR PLAINTIFF
OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY

JACK NELSON JONES FINK GILES & GREGORY, P.A.
425 W. Capitol Ave, Suite 3400
Little Rock, AR 72201
(501)375-1122
By: _____ — 740 47
Don K. Elliott

ATTORNEYS FOR DEFENDANTS
MARY E. WILLIAMS and GREENE COUNTY
ABSTRACT & TITLE COMPANY, LLC

BLAKE WILLIAMS, INDIVIDUALLY, WILLIAMS IRRIGATION SERVICES, LLC, AND
BLAMAR INVESTMENTS, LLC, HEREBY JOIN IN THE INTRODUCTORY PARAGRAPH
OF THIS ORDER AND PARAGRAPHS A-F (P 1-2) FOR THE PURPOSE OF
EVIDENCING THEIR INTENT AND AGREEMENT TO BE BOUND BY THE TERMS OF
SUCH PARAGRAPHS AND RESTRICTIONS, BUT NONE OTHER.

_____
Blake Williams, Individually

Williams Irrigation Services, LLC

By: _____
Title: _____

Blamar Investments, LLC

By: _____
Title: _____